Chief Justice Robertson
delivered the Opinion of the Court.
In 1310, James Morrison, Anthony Butler, Charles Wilkins, Jonathan Taylor and one White, (who was killed in the battle of Tippecanoe, in 1811,) leased from the Federal Government, for the term of three years, “the Saline,” in the then territory of Illinois; and, at the end of that lease, the four surviving partners obtained a new lease of the same “ salt works,”- for one year, which ended in April, 1814.
At the expiration of the last lease, the lessors sold their kettles and other implements to their successors in the occupancy of the saline, for the sum of eighteen thousand eight hundred and fifty three dollars and fifty cents, which was paid to Morrison, in July, 1814.
In 1828, Morrison and Wilkins both being then dead, Jonathan Taylor filed a bill in chancery against their personal representatives and against Butler; in which— after alleging the foregoing facts, and also averring that, when Morrison received the eighteen thousand eight hundred and fifty three dollars and fifty cents, the partners all agreed that he should retain the money until a suit instituted against them by one Montgomery Bell, for a large sum claimed by him, should be finally decided, and that the suit was not ended until sometime in the winter, 1828, when it was decided by the Supreme Court of the United States, against Bell — the complainant averred that he had never received any part of his interest in the sum which had thus been deposited with Morrison; and therefore prayed for a decree for his just share of that fund, and for general relief.
Neither Butler nor the representatives of Wilkins answered the bill.
Time (5 years) the settlement of partnership ac-lapse of 14 years and the death of two of the partners —rendering mínt^difficulMf not impractica-rio-^obstacle To" any decree upon ven where^here ,is no plea of the
But Morrison’s executor answered it, and not only required proof of the most material allegations, but pleaded the lapse of time in bar of the relief sought.
The Circuit Court having dismissed the bill — that decree is now to be revised.
The partnership having been dissolved by effluxion of time, the limitation commenced running irom the moment Morrison received the money, unless, as alleged in the bill, he was, by agreement, to hold it as a fund to mee^ any decree which Bell might obtain. J °
. But there is not, m our opinion, any sufficient proof °f such an agreement, either express or implied, Joseph Ficklin, the only witness who testified concerning that point, proved only that, in 1814, after Morrison had received the money, he told him (Ficklin) that he would retain it all until a settlement of the partnership concern — because, as he said, he had received less of the profits than any of the other partners.
That evidence certainly does not sustain the allegation of the bill. Nor does it, in our opinion, furnish any sufficient reason why this suit was not or might not have been brought sooner than about fourteen years, after the receipt by Morrison, of the eighteen thousand eight hundred and fifty three dollars and fifty cents.
Notwithstanding any thing that appears from the evidence, Taylor might have sued Morrison at any time after the receipt by him of the money; and therefore, as •to the claim to a portion of the eighteen thousand eigh1, hundred and fifty three dollars and fifty cents, the bar relied on by Morrison’s executor, cannot be overruled by the Court.
And though the allegations of the bill were tacitly admitted by the other defendants, yet, as to the sum received by Morrison, there is no allegation which would entitle Taylor to any decree against either of them.
Nor could the Circuit Judge have rendered any de - cree for a general settlement of the partnership accounts: first--because as to that matter, also, the suit was barred by time-so far as the bar was pleaded; and, secondly — because the bill did not suggest any fact which, if admitted, would show either that there is any *243 thing unsettled, except the eighteen thousand eight hundred and fifty three dollars and fifty cents, or that any one of the defendants is, on any other account, indebted to Taylor. And, moreover, a just settlement now, when two of the partners are dead, would be difficult, probably impossible; and the lapse of time alone, without being pleaded as a conclusive bar, would present an imposing obstacle to any prayer for such a settlement of the old partnership accounts.
Wherefore, the decree of the Circuit Court must be affirmed.